1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

BAUER'S INTELLIGENT
TRANSPORTATION, INC.,

       Plaintiff,

    v.

MANPOWER, INC. and DOES 1-50,

       Defendants.

Case No. 13-cv-03645 NC

**ORDER TO SHOW CAUSE WHY
REMOVAL IS PROPER**

Re: Dkt. No. 1

17     On August 6, 2013, defendant Manpower, Inc. removed this action to federal court on
18 the basis of diversity jurisdiction. Manpower states that its removal is timely because it first
19 received noticed of "this action" when it received plaintiff Bauer's Intelligent
20 Transportation's amended complaint for damages on July 8, 2013. Dkt. No. 1 at 2.

21     Bauer's original complaint, filed on May 24, 2013 in the Superior Court of California
22 for the County of San Francisco, stated that Bauer is a corporation with its principal place of
23 business in California, that Manpower is a Wisconsin corporation, and that Bauer seeks
24 $75,989.60 in damages for Manpower's alleged breach of a contract. *Id.* at 4-6. Bauer
25 amended its complaint on June 6, 2013, but the facts relevant to diversity jurisdiction—the
26 citizenship of the parties and the amount in controversy—remained unchanged. *Id.* at 7-9.

27     A defendant wishing to remove an action to federal court must file a notice of
28 removal within 30 days after receipt, "through service or otherwise," of the "pleading

Case No. 13-cv-03645 NC
ORDER TO SHOW CAUSE

motion, order or other paper form which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b), (3).  The federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time [after removal] and before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Bauer's original complaint set forth the relevant jurisdictional facts, and so is the first pleading from which Manpower could have ascertained that the case was removable. Manpower does not state when it received Bauer's original complaint and submits no proof of service in support of its notice of removal.  Accordingly, by August 15, 2013, Manpower must show cause in writing why its removal is proper and address the Court's concerns over when Manpower first received notice of the relevant jurisdictional facts.  If Manpower does not establish that removal was proper, the Court will remand this action to state court and may order other relief as justice requires.

IT IS SO ORDERED.

Date: August 8, 2013

Nathanael M. Cousins
United States Magistrate Judge